**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

IN RE:

ROGER W. SODERSTROM, SR.; and
TANSEY M. SODERSTROM,

        Debtors.
_____

HORIZONS A FAR, LLC,

        Appellant,

vs.                                        Case No. 6:12-cv-1164-Orl-37
                                                     consolidated with
RICHARD WEBBER; PLAZA N 15            Case No. 6:12-cv-1165-Orl-37
PARTNERS, LLC; and SCOTT R.
BUONO,

        Appellees.
_____

## ORDER

This cause is before the Court on the following:

1. Appellant's Renewed Motion for Stay Pending Appeal (Doc. 28), filed August 7, 2012;

2. Response and Objection to Appellant's Amended Motion for Stay Pending Appeal and Incorporated Memorandum of Law by Appellee, Richard Webber (Doc. 37), filed August 17, 2012; and

3. Appellant Horizons A Far, LLC's Reply to Response and Objection to Appellant's Amended Motion for Stay Pending Appeal and Incorporated Memorandum of Law by Appellee, Richard Webber (Doc. 43), filed August 31, 2012.

Upon consideration, the Court hereby grants Appellant's Motion for Stay (Doc. 28) for the reasons set forth below.

## BACKGROUND

Debtors are Roger and Tansey Soderstrom; their bankruptcy petition is currently pending.[1] Richard Webber is Trustee. The property at issue is Debtor Roger Soderstrom's (now the bankruptcy Estate's) 50% interest[2] in Plaza N 15 Partners, LLC (Partners). Scott Buono is the owner of the other 50% of Partners. Trustee, Partners, and Buono are Appellees here; Appellant is Horizons A Far, LLC, a creditor.

On October 24, 2011, Debtors filed a bankruptcy petition under Chapter 7. (Bankr. Dkt. 1.) On January 24, 2012, Trustee gave the Bankruptcy Court notice of his intent to sell the Estate's full 50% interest in Partners. (Bankr. Dkt. 63.) Buono objected, arguing that Trustee could only sell the Estate's economic interest in Partners, not the managerial interest. (Bankr. Dkt. 97.) On April 27, the Bankruptcy Court partially granted Trustee's notice of intent to sell, allowing Trustee to sell the economic but not the managerial interest. (Bankr. Dkt. 174.) However, that April 27 order (Sale Order) mistakenly named different property, rather than Partners, as the property at issue. (*Id.*)

On May 7, Appellant objected to the Sale Order, arguing that it was entitled as a creditor to compel Trustee to sell 100% of Partners, rather than just the Estate's 50%. (Bankr. Dkt. 182.) On June 19, the Bankruptcy Court overruled Appellant's objection to the Sale Order. (Bankr. Dkt. 203.) The Bankruptcy Court also amended its Sale Order to correct the mistakenly named property to Partners. (Bankr. Dkt. 202.)

---

[1] Citations to "Bankr. Dkt." refer to docket entries in Debtors' Bankruptcy Petition 6:11-bk-16036-KSJ.

[2] It is at issue in the underlying appeal whether this 50% interest is divisible into economic and managerial interests. As the resolution of this issue does not impact this Motion, the Court declines to consider it here.

On July 2, Appellant appealed the Sale Order to this Court. (Bankr. Dkt. 210.) Meanwhile, Appellant asked the Bankruptcy Court for a stay of the sale of Partners pending this appeal. (Bankr. Dkt. 220.) The Bankruptcy Court denied the stay without prejudice pending this Court's determination on the matter. (Bankr. Dkt. 239.)

On August 7, Appellant asked this Court for a stay of the sale of Partners pending its consideration of this appeal. (Doc. 28.) Appellant argues that if the sale goes forward as stated in the Sale Order, the sale price for Partners will be "severely depressed"; thereby Appellant will recover less from the Estate as a creditor and suffer irreparable harm. (*Id.* at 6.)

In response, Trustee argues that the Bankruptcy Court definitively ruled on the stay and that this Court is limited to determining whether the Bankruptcy Court abused its discretion in denying the stay.[3] (Doc. 37, p. 5.) Further, Trustee asserts that it is the Estate, rather than Appellant, which will be irreparably harmed by the imposition of a stay. (*Id.* at 8.)

Appellant replied, claiming that Trustee mischaracterizes the actions of the Bankruptcy Court. (Doc. 43, p. 2.) Appellant argues that the Bankruptcy Court intended for this Court to consider the stay "in the first instance." (*Id.*) The matter is now ripe for this Court's determination.

## STANDARDS

Federal Rule of Civil Procedure 62 authorizes the Court to impose a stay pending the outcome of appellate proceedings. To grant a stay, the Court must find: (1) Appellant is likely to prevail on the merits of the appeal; (2) absent a stay, Appellant will

---

[3] Trustee also argues that the underlying appeal was untimely. (Doc. 37, p. 6.) As that is a distinct issue to be decided on the basis of briefings which have not yet concluded, the Court declines to address it here.

suffer irreparable harm; (3) Appellees will not suffer substantial harm from the imposition of a stay; and (4) the public interest is served by a stay. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). If the balance of equities heavily favors the stay, that can make up for a lesser showing on the likelihood-of-prevailing factor. *Id.* (citing *Ruiz v. Estelle*, 650 F.2d 555, 565–66 (5th Cir. 1981)). The issuance of a stay is within the discretionary authority of this Court.[4] *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008).

## DISCUSSION

Upon consideration of the law and the record in this case, the Court finds that a stay of the sale is warranted. The current record demonstrates that the balance of equities heavily weighs in favor of Appellant. If the sale occurs in an allegedly insider fashion at a depressed price, Appellant's interest as a creditor would be irreparably and gravely damaged. (Doc. 28, p. 6.) In contrast, the only harm Trustee points to is the continuing uncertainty of the resolution of the Estate. (Doc. 37, p. 8.) The Court finds that any delay is quite likely *de minimis* and that regardless, this harm pales in

---

[4] As an initial matter, Trustee argues that the Court is limited to determining whether the Bankruptcy Court abused its discretion in denying the stay. (Doc. 37, p. 5.) This Court finds Trustee's argument wholly without merit—particularly in light of the conversation that took place between the Bankruptcy Court, Trustee, and Appellant's counsel at the hearing on the stay motion. (Doc. 44-4, pp. 1–4.) The Bankruptcy Court began by noting, "I don't know if I've ever granted a stay motion, because I always let the District Court [handle such motions], who I think is appropriately better attuned to addressing those issues." (*Id.* at 1, ll. 11–14.) The Bankruptcy Court went on, "I will deny [the stay] without prejudice and defer to the District Court, . . . [b]ecause I think it's . . . proper." (*Id.* at 2, ll. 2–5.) Trustee then agreed: "Judge, I would prefer you to deny it without prejudice, and let [Appellant] file a motion with the District Court." (*Id.*, ll. 8–10.) Later, the Bankruptcy Court emphasized, "[T]he denial is without prejudice in light of the parties' agreement to defer the sale until the District Court can rule upon the motion for stay." (*Id.* at 4, ll. 1–3.) Given this exchange, it is clear to this Court that the Bankruptcy Court did not conclusively deny the stay, but rather that it intended for this Court to consider the substance of the stay motion in the first instance. The Court will therefore do so.

comparison to the potential harm faced by Appellant if the stay were denied. Further, as noted by Partners' counsel at the hearing on the stay motion before the Bankruptcy Court, there is also potential harm to Appellee Partners in letting the sale occur while the appeal is pending—namely, the bidding uncertainty and prospective buyer's reluctance to participate in a sale which has the potential to be overturned. (Doc. 44-4, p. 2, ll. 14–25.) This factor cuts in favor of the stay, as well.

Once the sale has been completed, the cat is out of the bag. The Court is wary of authorizing such an action before it has fully heard the merits of the appeal. Thus, the Court has weighed all of the factors and finds that the stay is due to be granted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Appellant's Renewed Motion for Stay Pending Appeal (Doc. 28) is **GRANTED**.

2. Trustee is **DIRECTED** not to sell the property at issue in this case until further determination by this Court.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 14, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

5

Counsel of Record